SUCCESSION OF EDWARD A. HORRELL, SR.    *    NO. 2021-CA-0168

                                            *

                                              *          COURT OF APPEAL

                                            *          FOURTH CIRCUIT

                                            *          STATE OF LOUISIANA

                              * * * * * * *

CONSOLIDATED WITH:                   CONSOLIDATED WITH:

SUCCESSION OF EDWARD A.           NO. 2021-CA-0285
HORRELL, SR.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 1993-11275  C\W 1993-11701, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
**On Application for Rehearing**

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Pro Tempore Lynn M. Luker[1])

Walter J. Horrell
P.O. Box 1244
Covington, LA 70434

      COUNSEL FOR APPELLANT

Maria I. O'Byrne Stephenson
STEPHENSON, CHAVARRI & DAWSON, LLC
400 Poydras Street, Suite 1990
New Orleans, LA 70130

Jack M. Alltmont
SESSIONS, FISHMAN & NATHAN, LLC
400 Poydras Street, Suite 2550
New Orleans, LA 70130

      COUNSEL FOR APPELLEES

                        **REHEARING GRANTED; RELIEF DENIED**
                        **MAY 03, 2022**

---

[1] Pro Tempore Judge Lynn M. Luker was appointed by the Louisiana Supreme Court after the retirement of former Chief Judge James F. McKay, III.

Appellant, Walter Horrell, Sr. (hereinafter "Appellant"), in proper person, petitions this Court for rehearing of our November 17, 2021 decision, which affirmed the trial court's December 10, 2020 and February 12, 2021 judgments. Appellant contends that this Court's decision is contrary to law and questions whether this Court has jurisdiction to consider his application for rehearing.

On September 22, 2021, the matter was deemed submitted to this Court. By correspondence dated September 27, 2021, the Court was notified that Appellees, Edward A. Horrell, Jr. and Gaye Horrell Coffer, were recently deceased. An order was issued by the panel on October 6, 2021, instructing counsel for the deceased Appellees to file the respective substitution of parties with this Court on or before November 8, 2021.[2] On November 17, 2021, the opinion was rendered and transmitted by email only to the parties. The record of this Court indicates that Appellant had not provided this Court with an email address and the opinion was not sent to him by regular or certified mail.

_____

[2] Proof of substitution of parties was not filed into the record of this Court and as the matter had been submitted for nearly sixty days, this Court rendered its decision.

On December 8, 2021, Cole T. Coffer filed a motion to substitute as succession representative for Appellee Gaye Horrell Coffer. The following day, this Court denied the motion as moot noting that the opinion was rendered on November 17, 2021 and all legal delays for rehearing had elapsed.[3]

On April 14, 2022, Appellant contacted the Court of Appeal, Fourth Circuit Clerk's Office to inquire about the opinion. He maintains that he was unaware that a decision had been rendered by the Court on November 17, 2021. The Deputy Clerk mailed a copy of the November 17, 2021 opinion to Appellant by certified mail.

The judgment of this Court does not become final until all legal delays have elapsed. *See* La. C.C.P. art. 2166. Due to a clerical error, Appellant was not provided with notice of this Court's decision when it was rendered on November 17, 2021. La. C.C.P. art. 2166(A) provides, in pertinent part, that "[w]ithin fourteen days of the transmission of the notice of the judgment of the court of appeal, a party may apply to the court of appeal for a rehearing." *See also* Uniform Rules, Courts of Appeal, Rule 2-18.2(B). "For the purposes of [La. C.C.P. art. 2166], 'transmission of the notice' means the sending of the notice via the United States Postal Service, electronic mail, or facsimile." La. C.C.P. art. 2166(F). The delay for filing an application for rehearing does not commence until the day after notice of the opinion has been given by the Court. *State v. Bennett*, 610 So.2d 120, 123 (La. 1992). Appellant's right to seek review of this Court's decision to the Louisiana Supreme Court should not be affected by a clerical error of this Court. The opinion was mailed, by certified mail to Appellant on April 14, 2022, thus, Appellant had fourteen days from April 15, 2022 to file his application for

---

[3] The order was emailed to the parties on December 9, 2021.

2

rehearing.[4] Accordingly, the application for rehearing was timely filed on April 28, 2022.

Furthermore, we find no merit to the arguments raised in Appellant's application for rehearing and affirm this Court's original opinion.

**REHEARING GRANTED; RELIEF DENIED**

_____

[4] April 15, 2022 was Good Friday, a legal holiday, and is not included in the computation of time for Appellant to file the application for rehearing. La. C.C.P. art. 5059(C)(1).